999 F.2d 539
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Daniel GARMAN, Trustee of the Bookie Family Preservation
Trust, Plaintiff-Appellant,
v.
Walter SHAPERO, Individually and as U.S. Bankruptcy Judge;
Paul Borock, Individually and as U.S. Bankruptcy Trustee;
John C. Dougherty; Dougherty, Schneider and Miller, P.C.;
John Cichowicz, Individually and as Deputy U.S. Marshal;
Sherwood A. Crump, Individually and as Deputy U.S. Marshal;
Peter Ewasek; Connie Kramer; Fran Mirsky; Real Estate
One, a Michigan corporation; Oakland County Sheriff's
Department; John Does; Mark R. Pickens, Individually and
as Deputy U.S. Marshal, Defendants-Appellees.
 No. 92-1998.
 United States Court of Appeals, Sixth Circuit.
 July 6, 1993.
 
 1
 Before KENNEDY and MARTIN, Circuit Judges, and WISEMAN, District Judge.*
 
 ORDER
 
 2
 Daniel Garman, pro se, appeals a district court order granting summary judgment in favor of the defendants. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 This case stems from certain adversary proceedings in bankruptcy court initiated by the defendant Borock as appointed trustee for the bankrupt estate of William Eugene Dalby. Borock, after extensive investigation, discovered that certain fraudulent conveyances of real property had been made out of the bankrupt estate. Eventually, trustee Borock was awarded a default judgment, so that the real property could be included in the estate. The property which is the subject of this suit is located at 5130 Seymour Lake Road, in Oxford, Michigan, and is also referred to throughout the proceedings as the "Seymour Lake" property.
 
 
 4
 After the default judgment was entered, it appears that defendant Dougherty, the lawyer representing Borock, served a Notice to Quit and Termination of Tenancy to the residents of the property. The United States Marshals Service, upon Dougherty's request, went to the property, along with representatives of the Oakland County Michigan Sheriff's Office, and posted "Order of Default" and "No Trespassing" signs. Several realtors also posted "For Sale" signs on the property or listed the property for sale.
 
 
 5
 Garman then filed this suit, alleging that the default judgment in the bankruptcy court was entered erroneously and requesting the district court to enjoin the defendants from further use of the judgment. Garman also requested the court to order the defendants not to "harass" him or any beneficiaries of the "Bookie Family Preservation Trust." Further, Garman requested damages and costs. The defendants then filed a motion for summary judgment, and the record shows that this motion was served upon Garman on April 29, 1992. The district court granted the motion by order filed June 12, 1992, on the basis that Garman lacked standing to bring a suit as trustee, the Bookie Family Preservation Trust, a defendant named in the bankruptcy proceeding below.
 
 
 6
 On appeal, Garman makes the following arguments: 1) the district court abused its discretion by failing to provide him with 10 days notice so that he could respond to the defendants' motion for summary judgment before the motion was granted; 2) the district court judge erred in failing to set a hearing on the summary judgment motion; 3) Garman was prevented from further discovery and filing additional pleadings in response to the motion for summary judgment because of an order entered by that same district court judge on January 6, 1992, in another action enjoining him from doing so. On appeal, Garman has filed a motion to "Set Aside Order to Strike Papers" and has requested the court to "initiate a judicial misconduct investigation against Judge Zatkoff." Garman has also filed a motion to strike the brief of the Dougherty defendants. The Dougherty defendants have filed a motion to strike Garman's reply brief, a motion to strike the joint appendix, and a reply to Garman's motion to strike their brief.
 
 
 7
 The court's review of a grant of summary judgment is de novo using the same test as used by the district court. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 8
 Contrary to Garman's argument that the district court abused its discretion by failing to set a hearing on the summary judgment motion, the district court needed only to determine whether the undisputed relevant facts could support a motion for summary judgment by deciding whether there was any issue as to any material fact, in order that the moving party may be entitled to judgment as a matter of law. Canderm Pharmacal, Ltd., 862 F.2d at 601. Because the relevant facts were largely undisputed and no additional discovery would have disclosed facts in support of Garman's claim, further discovery and a hearing were not necessary prior to the court's grant of summary judgment. Chilingirian v. Boris, 882 F.2d 200, 203 (6th Cir.1989).
 
 
 9
 Also contrary to Garman's argument, he was given at least ten days notice that summary judgment was being considered when he was served with a copy of the defendant's motion. Forty-four days passed before the court ruled on the motion. Therefore, Garman received sufficient notice.
 
 
 10
 Garman's argument that he was enjoined from filing additional motions in order to oppose the motion for summary judgment is also without merit. This injunction was issued on the very basis that the district court dismissed the case at bar, for lack of standing in this and all other pending suits where Garman is proceeding as a trustee on behalf of a "Family Preservation Trust" pro per.
 
 
 11
 In support of his Motion to Set Aside the Order to Strike Papers, Garman argues that Judge Zatkoff was without jurisdiction to strike his motion filed with the district court on March 30, 1992. However, this order, reassigning Garman's case from Judge George Woods to Judge Zatkoff, was in accordance with the local rules, which rules are not contrary to the Federal Rules of Civil Procedure, allowing district courts to control their docket in the interest of judicial economy. See Fed.R.Civ.P. 79. Therefore, this request, likewise, lacks merit.
 
 
 12
 Accordingly, all pending motions are denied, and the district court's order granting the defendants summary judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., U.S. District Judge for the Middle District of Tennessee, sitting by designation